# Exhibit C

JAMS ARBITRATION NO. 1425031204

GREENWICH QUANTITATIVE RESEARCH LP,

Claimant,

-against-

MICHAEL AKSMAN,

Respondent.

**REPORT OF PRELIMINARY CONFERENCE AND SCHEDULING ORDER NO. 1**

The Arbitrator, having conducted a telephone preliminary conference on January 15, 2020, hereby directs as follows with respect to this matter:

1. <u>Parties</u>. The Claimant is Greenwich Quantitative Research LP. The Respondent is Michael Aksman.

2. <u>Counsel</u>.

    a. <u>Attorneys for Claimant</u>.

    Paul C. Rauser
    Serine Consolino
    Aegis Law Group LLP
    801 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
    prauser@aegislawgroup.com
    sconsolino@aegislawgroup.com
    202-737-3500

b. <u>Respondent</u>.

Despite having been served by various means with Claimant's Demand for Arbitration and Statement of Claim, Respondent has not appeared in this proceeding, either personally or through counsel. Moreover, Respondent did not participate in the telephone conference despite having been given notice of the date, time, and means by which it would occur. Unless Respondent retains counsel who files a notice of appearance, he will be deemed to be proceeding pro se.

Respondent's contact information is:

> Michael Aksman
> 400 Washington Avenue
> Martinsville, New Jersey 08836
> Maksman123@gmail.com

3. <u>Arbitrator</u>. Pursuant to Rule 15(e) of the JAMS Comprehensive Arbitration Rules and Procedures ("Rules"), by virtue of his failure to respond to the list of arbitrators that he was furnished, Respondent is deemed to have accepted everyone on the list. Pursuant to Rule 15, the undersigned arbitrator was appointed from the list to serve as the sole arbitrator:

> Hon. Frank Maas (Ret.)
> JAMS, Inc.
> 620 Eighth Avenue, 34th Floor
> New York, New York 10018
> fmaas@jamsadr.com
> 212-751-2700
> 212-751-4099   (fax)

4. <u>Case Manager</u>.

> Shakiya Wright-McDuffie
> JAMS, Inc.
> 620 Eighth Avenue, 34th Floor
> New York, New York 10018
> swrightmcduffie@jamsadr.com
> 212-607-2761
> 212-751-4099  (fax)

5.  <u>Agreement to Arbitrate</u>.  The agreement to arbitrate is set forth in Section 8(b) of the Restrictive Covenants Agreement between the parties, dated March 7, 2019 ("Agreement"), which provides that: (i) "[Respondent] agrees that any and all controversies, claims, or disputes with anyone (including [Claimant] and any employee, officer, director, stockholder or benefit plan of the [Claimant] in their capacity as such or otherwise) arising out of, relating to, or resulting from [Respondent's] employment with [Claimant] or the termination of [Respondent's] employment with [Claimant], including any breach of this Agreement, shall be subject to binding arbitration (block capitalization omitted); and (ii) the arbitration will be administered by JAMS, "pursuant to its Comprehensive Arbitration Rules and Procedures . . . before a sole arbitrator who shall be a lawyer

6.  <u>Applicable Law and Rules</u>.  The Arbitrator will apply the Federal Arbitration Act and the New York Arbitration Act, New York Civil Practice Law and Rules § 7501, <u>et seq.</u>, to the extent not inconsistent therewith.  Pursuant to Section 8(a) of the Agreement, the applicable substantive law is the law of the State of Delaware without regard to the conflict of law provisions thereof.

7.  <u>Claims of the Parties</u>.  Claimant's Demand for Arbitration is dated November 8, 2019.  The Respondent has not responded to the Demand.  Pursuant to Rule 9(e) of the Rules, Respondent nevertheless is deemed to have denied the Claimant's claim.

8.  <u>Discovery</u>.  The parties shall be afforded 60 days, <u>i.e.</u>, until March 16, 2020, to complete discovery.  During that time, each side may serve requests for the production of documents and depose a maximum of three witnesses.

9.  <u>Hearing</u>.

   a.  Unless the Arbitrator otherwise directs, the hearing will be held on April 16, 2020, commencing at 10 a.m., in the JAMS New York Resolution Center, 620 Eighth Avenue, New York, New York 10018.

   b.  The parties shall exchange the materials required by Rule 20(a) and any pretrial memoranda, and furnish hard copies to the Arbitrator, one week before the hearing begins.

   d.  The Arbitrator shall render a reasoned award.

10. <u>Miscellaneous</u>.

   a. This Order shall remain in effect unless and until amended by subsequent written order of the Arbitrator.

   b. The Arbitrator's copy of all exhibits will be discarded thirty days after the issuance of the Final Award unless a party, requests, in writing, that the exhibits be returned or preserved.

   SO ORDERED.

Dated: New York, New York
February 4, 2020

_____
Frank Maas
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Greenwich Quantitative Research LP vs. Aksman, Michael
Reference No. 1425031204

I, Shakiya Wright-McDuffie, not a party to the within action, hereby declare that on February 5, 2020, I served the attached Report of Preliminary Conference and Scheduling Order No. 1 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at New York, NEW YORK, addressed as follows:

Mr. Paul C. Rauser
Serine Consolino Esq.
Aegis Law Group LLP
801 Pennsylvania Ave., N.W.
Suite 740
Washington, DC 20004
Phone: 202-737-3500
prauser@aegislawgroup.com
sconsolino@aegislawgroup.com
   Parties Represented:
   Greenwich Quantitative Research LP

Mr., Michael Aksman
400 Washington Avenue
Martinsville, NJ 08836
Phone: 732-983-1086
maksman123@gmail.com
   Parties Represented:
   Michael Aksman

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on February 5, 2020.

*[signature]*

Shakiya Wright-McDuffie
swrightmcduffie@jamsadr.com