IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL AKSMAN, | ) )  ) |
| *Petitioner*, | ) ) Civil Action No. 1:20-cv-08045-PAE |
| -against- | ) ) ) |
| GREENWICH QUANTITATIVE RESEARCH, LP, | ) ) ) |
| *Respondent*. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION TO CONFIRM ARBITRATION AWARD**

Respondent Greenwich Quantitative Research, LP, ("Greenwich") hereby submits this Memorandum of Law in Support of its Cross-Motion to Confirm the Final Award issued by JAMS in the arbitration proceeding *Greenwich Quantitative Research LP v. Michael Aksman*, JAMS Ref. No. 1425031204 pursuant to 9 U.S.C. § 9 *et seq*. ("Final Award"). The Federal Arbitration Act—which governs this dispute—requires confirmation of the Final Award for the reasons stated below.

**SUMMARY OF BACKGROUND FACTS**

Greenwich is an asset management firm specializing in the quantitative trading of global equities. In the fall of 2017, Greenwich decided to hire Petitioner Michael Aksman ("Aksman") as its Senior Portfolio Manager, and on or about October 24, 2017, the parties entered into Restrictive Covenants Agreement containing the parties' agreement to arbitrate. *See* Consolino Decl. Ex. A (Restrictive Covenants Agreement). On November 8, 2019, Greenwich filed a Demand for Arbitration with JAMS, alleging that Aksman had fraudulently induced Greenwich into hiring him by lying about his background and falsifying various documents. *See* Consolino

1

Decl. Ex. B (Demand for Arbitration). On April 16, 2020, an arbitration hearing was held before a sole arbitrator. Greenwich did not respond to the Demand for Arbitration, participate in the arbitration process, or attend the arbitration hearing.

On July 14, 2020, the arbitrator issued a Final Award, finding for Greenwich on its fraudulent misrepresentation claim, and awarding Greenwich $3,280,982.58 in compensatory damages, $750,000 in punitive damages, and $193,502.58 in fees, costs, and expenses. *See* Consolino Decl. Ex. C (Final Award). On September 8, 2020, Aksman filed a Petition to Vacate the Arbitration Award in New York State Supreme Court. Greenwich subsequently removed the matter to this Court, and on October 6, 2020, Greenwich filed an Opposition to Michael Aksman's Petition to Vacate Arbitration Award ("Opposition"). *See* ECF No. 11. Greenwich respectfully refers the Court to its Opposition for further background about the parties' relationship and the events leading up to this dispute.

## ARGUMENT

### A. The FAA Governs This Proceeding

The Federal Arbitration Act ("FAA") governs this proceeding. The FAA applies to arbitration agreements "evidencing a transaction involving commerce"—specifically, commerce "among the several States or with foreign nations." 9 U.S.C. §§ 1, 2. "[T]he Supreme Court has held that the term 'involving commerce' signifies the 'broadest permissible exercise of Congress' Commerce Clause power.'" *Adams v. Suozzi*, 433 F.3d 220, 225 (2d Cir. 2005) (quoting *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) in concluding that "no extended discussion is required to show that employment agreements . . . evidence a transaction involving commerce"). "Congress' Commerce Clause power 'may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question

would represent 'a general practice . . . subject to federal control.'" *Citizens Bank*, 539 U.S. at 56-57 (quoting *Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co.*, 334 U.S. 219, 236 (1948)). "In keeping with the broad interpretation of 'involving commerce,' 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Genger v. Genger*, 252 F. Supp. 3d 362, 365 (S.D.N.Y. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

The Restrictive Covenants Agreement "involve[es] interstate commerce" under the FAA for at least two reasons: *first*, Aksman's role as Senior Portfolio Manager involved the trading of U.S. and international equities, and *second*, Aksman met with potential Greenwich investors in multiple states and used interstate phone lines to communicate with investors. *See* ECF. No. 13 (Declaration of G. Reilly in Support of Opposition to Petition to Vacte); *S.E.C. v. Save The World Air Inc.*, No. 01 CIV. 11586(GBD)FM, 2005 WL 3077514, at *10 (S.D.N.Y. Nov. 15, 2005) (using interstate telephone lines to transmit faces and sending stock certificates via overnight courier was "sufficient to establish the requisite nexus to interstate commerce"). Aksman has not disputed that the FAA applies.

### B. The Award Must Be Confirmed Under the FAA

Under the FAA, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Section 9 of the FAA requires confirmation of an arbitration award (1) "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court" and (2) application for confirmation is made within one year of the arbitration award by a party. 9 U.S.C. § 9. When these conditions are met, the award must be confirmed unless it is "vacated,

modified, or corrected as prescribed in sections 10 and 11 of this title." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." *Bailey Shipping, Ltd. v. American Bureau of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019); s*ee also Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991) ("If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed.").

The Final Award has met all prequisites for confirmation under the FAA, and should thus be confirmed. ***First***, the Restrictive Covenants Agreement provides that "any decision or judgment of the arbitrator will be enforceable in any court of competent jurisdiction." *See* Consolino Decl. Ex. A (Restrictive Covenants Agreement § 8(b)(ii)); *see also see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (this Court had jurisdiction over confirmation and vacatur proceedings where arbitration agreement stated the parties "consent to the jurisdiction of the state and federal courts in the City of New York").[1] ***Second***, Greenwich's Motion to Confirm was filed within one year of the date of the Final Award. ***Third***—as described in Greenwich's Opposition (ECF No. 11)—there are no valid grounds to set aside the Final Award, as the arbitrator's factual findings and legal conclusions are more than sufficient to satisfy the "colorable justification" standard necessary to confirm the award. *See Bailey Shipping Ltd.*, 431 F. Supp. 3d at 364.

---

[1] Alternatively, the FAA also allows for the confirmation of an arbitration award in "the United States court in and for the district within which such award was made." *See* 9 U.S.C. § 9. Here, the Final Award was issued in New York City, and thus the United States District Court for the Southern District of New York is the United States court in and for the district within which such an award was made. *See* Consolino Decl. Ex. C at p. 13 (Final Award).

## **CONCLUSION**

In sum, Greenwich respectfully requests that the Court confirm the Final Award and enter a judgment in favor of Greenwich in the amount of $4,030,982.58.

Respectfully submitted,

Dated: December 23, 2020          /s/ Serine Consolino
Paul C. Rauser
Serine Consolino
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, NW, Suite 740
Washington, D.C. 20004
Tel: (202) 737-3500
Fax: 202 735-5071
prauser@aegislawgroup.com
sconsolino@aegislawgroup.com

*Counsel for Greenwich Quantitative Research, LP*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 23, 2020, I caused to be filed electronically the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Serine Consolino