UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL AKSMAN,

                                Petitioner,

-v-

GREENWICH QUANTITATIVE RESEARCH, LP,

                                Respondent.

20 Civ. 8045 (PAE)

Order

---

PAUL A. ENGELMAYER, District Judge:

The Court will hold oral argument in this case on August 25, 2021 at 3:30 p.m. on the pending petition to vacate and cross-motion to confirm the arbitral award. This argument will be held telephonically. The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key. **Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19**, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with Chambers.

For counsel's benefit, the Court presently expects to focus on two issues at oral argument.

The first is whether petitioner, whom the Court is likely to hold was properly served with notice of the arbitration yet did not appear or participate in the arbitration, nonetheless preserved his right to object to the arbitrator's substantive jurisdiction, by timely filing a notice to vacate the arbitral award. *See Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1102 (8th Cir. 2004) (where a party has notice of the arbitration and fails to object or participate, and contract did not expressly delegate the issue of arbitrability to the arbitrator, holding that party may challenge the arbitrator's substantive jurisdiction on a timely motion to

vacate, but has otherwise waives the rights to challenge the arbitrator's determinations, including as to the merits); *Loc. Union No. 36, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Atlas Air Conditioning Co.*, 926 F.2d 770, 772 (8th Cir. 1991) (to preserve defense of nonarbitrability, employer "should have notified the [arbitrator] of its refusal to arbitrate or brought an action to vacate the award, alleging the [arbitrator's] lack of jurisdiction"); *see also Loc. 377, RWDSU, UFCW v. 1864 Tenants Ass'n*, No. 06 Civ. 1190 (LBS), 2007 WL 634751, at *13 (S.D.N.Y. Mar. 1, 2007), *aff'd*, 533 F.3d 98 (2d Cir. 2008) (treating substantive jurisdictional objections as waived where "the employer made no attempt to advise the arbitrator prior to the arbitration that it was questioning the arbitrator's authority, nor did it file a petition with the court to vacate the arbitration award"); *Langlais v. PennMont Ben. Servs., Inc.*, No. Civ. 11-5275, 2012 WL 2849414, at *5 (E.D. Pa. July 11, 2012) (where arbitration agreement did not clearly specify who determines arbitrability, finding substantive arbitrability a question for judicial determination and that substantive arbitrability issues alone were not waived), *aff'd*, 527 F. App'x 215 (3d Cir. 2013).

The second is whether the delegation of authority to the arbitrator to determine whether the contract is valid amounts to a delegation of authority to decide arbitrability, or whether the question of arbitrability is a question for this Court.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2021
      New York, New York