UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MICHAEL AKSMAN,

                              Plaintiff,

-v-

GREENWICH QUANTITATIVE RESEARCH LP,

                              Defendants.

20 Civ. 8045 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On September 28, 2021, the Court denied Michael Aksman's ("Aksman") petition to vacate the arbitral award against him, and granted Greenwich Quantitative Research LP's ("Greenwich") cross-motion to confirm the same. Dkt. 35. Almost two months later, on November 23, 2021, Aksman moved, out of time, for an extension of time to file an appeal, pursuant to FRAP 4(a)(5). Dkt. 38. On December 2, 2021, Greenwich filed a memorandum of law in opposition to that motion. Dkt. 40.

Generally, if a party wishes to take an immediate appeal, the notice of appeal must be filed with the district clerk within 30 days after the entry of the order. Fed. R. App. P. 4(a)(1)(A). However, a district court may reopen the time to file an appeal, if, as Aksman contends is the case, the moving party "shows excusable neglect." Fed. R. App. P. 4(a)(5)(A)(ii). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Investment Services Co. v. Brunswick*

*Associates Limited Partnership*, 507 U.S. 380, 395 (1993)) (the "*Pioneer* factors"). The Second Circuit has "emphasized, however, that it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases." *Williams v. KFC Nat. Mgt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004); *see Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("Affording dispositive weight to [the reason-for-delay] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor.").

Because "the requirement of filing a timely notice of appeal is 'mandatory and jurisdictional,'" *Bowles v. Russell*, 551 U.S. 205, 207 (2007), the Second Circuit has "'taken a hard line' in applying the *Pioneer* test" for excusable neglect, explaining that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *In re Enron Corp.*, 419 F.3d 115, 12223 (2d Cir. 2005); *see also Pioneer*, 507 U.S. at 392 ("[I]gnorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.").

Here, the Court confirmed the arbitral award and denied Aksman's motion to vacate it on September 28, 2021, meaning that Aksman's time for filing an appeal lapsed on or about October 28, 2021. Aksman asserts that he failed to file his appeal within the required 30 days of the Court's order because his attorney mistakenly docketed the deadline to appeal as 60, rather than 30, days. Dkt. 38 at 1. That argument fails. The Second Circuit has squarely and repeatedly held that an attorney's inattention to deadlines does *not* constitute "excusable neglect." *See Silivanch*, 333 F.3d at 370 (reversing district court's grant of extension of time where movants' attorney noted the wrong deadline on his calendar in reliance on remark by counsel for another party); *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (upholding district court's determination that counsel's "mistakenly calendaring the notice of

appeal as of the date it was received, rather than the filing date" did not constitute excusable neglect); *Alexander*, 5 F.4th at 153 (noting that counsel's miscalculation of filing deadline and heavy workload "would not constitute 'excusable neglect' under [FRAP] 4(a)(5)"). Here, Aksman's counsel committed the very sort of docketing error that has been held inadequate. His inadvertent miscalendaring does not come close to meeting the standard for "excusable neglect."

Aksman's counsel's attempt to blame the COVID-19 pandemic and a non-COVID-19 illness for his docketing error does not boost his claim. The pandemic began in March 2020, some 20 months before Aksman filed his belated appeal. Aksman's counsel had more than enough time in the interim to adapt to remote work, including accurately ascertaining and recording court deadlines. As for his non-COVID-19 illness, counsel does not explain why this led him to miscalendar the deadline. As a general matter, "[i]llness or disability alone does not constitute excusable neglect." *Lehr Constr. Corp.*, 16 Civ. 4048 (AJN), 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017). Illness of counsel may support a finding of excusable neglect in extraordinary circumstances where "the illness is so physically and mentally disabling that counsel is unable to file the appeal and is not reasonably capable of communicating to co-counsel his inability to file," *Active Glass Corp. v. Architectural and Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y.1995) (quotation omitted), but there has been no factual submission suggesting that was the case here.

Accordingly, Aksman's motion to extend the time to file an appeal is denied.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 21, 2021
   New York, New York